William M. Perry, J.
Defendants have jointly moved to dismiss the complaints (uniform traffic tickets) upon the specific ground that the vehicle in question was a “mini-bike” and therefore not regulated by the Vehicle and Traffic Law.
The uniform traffic tickets charged the defendant Devlin with being an unlicensed operator of a motor scooter; operating an unregistered motor scooter; operating a motor scooter without insurance, and operating a motor scooter in an intoxicated condition. The defendant Viscusi is charged with three counts of permitting the unlicensed, uninsured, and unregistered operating of the same motor scooter.
In support of their motion, the defendants have submitted various documents which establish that the vehicle in question is a two-wheeled vehicle with a seat and a motor, or to use current terminology a “ mini-bike ”. In support of their contention that the ‘1 vehicle ’ ’ described is not regulated by the Vehicle and Traffic Law, the defendants rely upon Laloma v. Bankers & Shippers Ins. Co. (58 Misc 2d 530), People v. Miller (Suffolk County Disk Ct., May 8th, 1970) not otherwise reported) and, the absence of the term “ mini-bike ” in the Vehicle and Traffic Law.
The People contend that the “vehicle” is a motorcycle as defined in section 123 of the Vehicle and Traffic Law and accord *328 ingly the various regulating provisions of the Vehicle and Traffic Law apply. Defining ‘ ‘ motorcycle ” as “ every motor vehicle having a seat or saddle for the use of the rider and designed to travel on not more than three wheels in contact with the ground ’ ’, it would appear that section 123 covers the vehicle in question. However, the subject of these “ mini-vehicles ” or 1‘ mini-bikes ” is a vexing one, especially in view of their increasing popularity and the inherent danger and temptation they present to the young.
The Vehicle and Traffic Law prior to September 1,1970, made no mention of these mini-vehicles. In 1970, the Legislature amended the Vehicle and Traffic Law to specifically provide that the failure to register a mini hike was a traffic infraction (L. 1970, ch. 1000). We may take note of the Governor’s message on this bill that the Legislature inadvertently amended section 401 of the Vehicle and Traffic Law (registration of motor vehicles) instead of section 410 of the Vehicle and Traffic Law (registration of motorcycles). Rather than clarifying matters, it would seem that the Legislature had further muddied the waters regarding the classification of these “vehicles” as “ motor vehicles ” or “ motor-cycles.”
In Lalomia ease (supra), relied upon by defendants, a bicycle had been surgically converted into a two-wheel powered vehicle. The trial court described this “ vehicle ” as a “ contraption ” which did not merit the dignity of and could not pass the required periodic inspections and was therefore, not covered by an automotive liability insurance policy.
This decision was subsequently modified by the Appellate Division, Second Department (35 A D 2d 114). The court referring to the “ contraption ”, stated, that it was a motor vehicle within the meaning of the Vehicle and Traffic Law and in arriving at that conclusion said (p. 116): “To hold that the motor-driven cycle was not a motor vehicle would allow the indiscriminate use of such dangerous contraptions by youngsters on our public highways. It is only when such vehicles are registered and made to conform to minimum standards of safety * * * that accidents of this type can be avoided.”
In prior decisions on this issue it has been held that an automotive insurance policy using the words ‘‘ motor vehicle ’ ’ included “ motor scooter ” (Early v. MVAIC, 32 A D 2d 1042) and that a motorized bicycle was an automobile and a motor vehicle embraced within the terms of the uninsured motorist indemnification agreement. (Matter of Allcity Ins. Co. [Di Lorenzo], 33 A D 2d 665.)
*329 As the above decisions concern interpretations of auto liability insurance policies which are generally construed against the writers thereof, it might be argued that they are not controlling since in criminal actions any ambiguities must be resolved in favor of the defendant. However, in People v. Moe (62 Misc 2d 27) the Appellate Term concluded that “Furthermore, the ‘ mini-bike ’ or 1 mini-motorcycle ’ here involved comes within the statutory definition of a ‘ motorcycle ’ or 1 motor-driven cycle ’ rather than a ‘ motor vehicle ’ and would in a proper ease be governed by sections 410 and 503 ” of the Vehicle and Traffic Law.
Admittedly the recent amendment to the Vehicle and Traffic Law (L. 1970, ch. 1000) by amending the wrong section, might tend to indicate that the vehicle in question is not a motorcycle, but the Governor’s message makes it clear that this was a mere inadvertence, and it is abundently clear from a reading of the Lalomia and Moe decisions that our courts have already realistically arrived at the conclusion that these “vehicles ”, “ contraptions,” or “mini-bikes” are regulated under the Vehicle and Traffic Law. This does not, of course, mean that the Motor Vehicle Department will license or register all such vehicles as the technical requirements still exist that the vehicles must be fit for use on our highways and must conform to the minimum statutory standards.
From the opinion expressed above the complaints are sufficient on their face. When an information is sufficient on its face there is no authority for a pretrial motion to dismiss on the ground that the evidence will not support a conviction at trial (People v. Pietra, 6 A D 2d 1056) and, accordingly the motion to dismiss is denied.